UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:                                              Case No.: 14 B 10285
                                                    Chapter: 7

Peter Stasyuk

                                    Debtor(s)       Judge Donald R. Cassling (Kane)

**FILED APR 18 2014 DONALD R. CASSLING BANKRUPTCY JUDGE**

---

**OBJECTION TO CITIMORTGAGE, INC.'S MOTION FOR RELIEF FROM STAY AND DEMAND FOR RELIEF AS STATED.
ACCEPTANCE OF TRUSTEES BOND UNDER THIS 14B 10285 NUNC PRO TUNC**

---

**COMES NOW**, Trustee, Aleksandr Filipskiy, for ABUNDANT LIFE 122012 TRUST, and approaches this Honorable Court with Formal Objection to Motion for Relief from Stay issued by CITIMORTGAGE, INC., on April 8, 2014, with good cause supported by facts for said relief to be denied with prejudice.

ABUNDANT LIFE 122012 TRUST attaches its Notice of Appearance and supporting documents identifying its Trustee, Statement of Ownership with proof of same, as a statement of interest in the above identified case with declaration of support for each fully incorporated.

This matter comes before the court on a trespass by, CITIMORTGAGE, INC., upon property duly and properly titled to ABUNDANT LIFE 122012 TRUST.

### FACTS

1. On or about April 14, 2009, this Court issued a formal Order of Discharge for the Debtors under BK case number 09-00883.

2. The action came before the Court on the Debtor's petition for relief under Chapter 7.

3. After relief was granted covering all of Debtor's property inclusive of their home at 329 South Warwick Avenue, Westmont, Illinois, Debtors engaged to sell their home to ABUNDANT LIFE 122012 TRUST. Supporting documents accompanying show proof of transferring ownership and proper registration of title.

4. At some time later, unknown to ABUNDANT LIFE 122012 TRUST, alleged creditor CITIMORTGAGE, INC., moved against the Trust's property in the name of the discharged Debtors.

5. The Movant in the Motion for Lift from Stay, Christopher J. Stasko, Codilis and Associates, P.C. and the alleged lender, CITIMORTGAGE, INC., knowingly and intentionally acted in the face of standing bankruptcy discharge order in the BK case # 09-00883. This is a contempt on its face and exhibits extreme lack of due diligence in good faith. These strong statements are supported by the flow outlined below.

    a. The original debtors, PETER STASYUK and VALENTINA STASYUK, filed for Bankruptcy Chapter 7 petition on or about January 14, 2009. Previous BK case #09-00883

    b. Due and adequate Bankruptcy procedures under administration of the Bankruptcy Trustee followed its mandated course.

    c. CITIMORTGAGE, INC., never filed for Relief from Stay in previous case # 09-00883. No bona fide claim showing Proof of Debt, nor proper allegation claiming creditor's status with supporting documentation, nor claim of secured party status was ever issued into the Bankruptcy case # 09-00883 by CITIMORTGAGE, INC. and/or their attorneys.

d. Under the Court Rules, CITIMORTGAGE, INC., waived its claim and barred itself from achieving creditor status in the future.

e. Further, CITIMORTGAGE, INC., again waived its right to claim when it failed to object to the Bankruptcy Discharge.

## FACTS BELOW SUPPORT OUR STATEMENTS

1. Subsequent to closing, the promissory note issued by the Debtors and the Deed of Trust and alleged Mortgage were separated at the time of recording. The county records do not reflect the Note being filed.

2. Federal law controls this scenario. The Deed of Trust and alleged Mortgage being a nullity when separated from the Note.

3. Failure to record the Note fails to give adequate notice to the world of who the debtor party and who the payor is under the Deed of Trust and alleged Mortgage and all of the securities issued subsequently are void.

4. There is no record simply because the Debtors never intended to nor did they ever issue securities into the public forum.

5. Federal Securities and Securities Exchange Act Law controls this matter. There must be a waiver, a statement of known intent, for any security to be founded upon or collateralize any property. When issued into the public trading system, any security naked of this statement is void on its face and a commercial nullity.

6. The position claimed by the Movant requesting the Lift from Automatic Stay, addressed herein, is void on its face pursuant to 12 USC Section 29. There is no evidence anywhere that

CITIMORTGAGE, INC., is authorized to act under any mortgage type process beyond five years. There is no evidence anywhere, let alone before this Court, that CITIMORTGAGE, INC. obtained the required waiver to extend their activities beyond the five-year limit in relation to the property which is the subject matter of this whole issue.

7. Given that State Law controls property issues in Illinois, in the BK case #09-00883 CITIMORTGAGE, INC. failed to present a bona fide, a proper, and valid claim to this Court, failed to appear at the 341 hearings, failed to claim secured party creditor status, and failed to object to the Discharge Order because they do not and did not have a perfected lien from the beginning.

8. At the time the original Bankruptcy petition was filed, the mandatory Federal Stay went into effect protecting the property and was finally ratified under the Discharge Order. The order lifting the Stay does not change the legal capacity nor standing of CITIMORTGAGE, INC. The point of confusion appears to be whether this Stay is valid beyond the total discharge of the debtors' debts or not. **A Stay is a temporary injunction and the Bankruptcy Discharge is a permanent injunction.**

9. The fact is that the Movant, Citimortgage Inc., motion Lift of Stay, in this case# 14 B 10285 is in contempt of permanent injunction of previous BK case # 09-00883. The simple fact is that Citimortgage Inc. now moves against the wrong party. The currently enforced stay in the current case #14 B 10285 is simply recognition and enforcement of the existing permanent injunction issued under original discharge April 14, 2009 and BK case # 09-00883. The original Debtors, PETER STASYUK and VALENTINA STASYUK, are not the owners of the property. The current owner of the property, ABUNDANT LIFE 122012 TRUST, and has no legal

relationship and no commercial relationship whatsoever with the Movant, CITIMORTGAGE, INC., through their attorneys Christopher J. Stasko, Codilis and Associates, P.C.

10.  There could be no mistake on the part of the CITIMORTGAGE, INC. or their attorneys. This is simply a matter of supreme failure of due diligence due to incompetence, the Bankruptcy laws, Bankruptcy procedures, and county property title records are open public record and available to anyone performing minimal standards of due diligent.

**WHEREFORE** ABUNDANT LIFE 122012 TRUST through its Trustee demands relief as follows:

i.  Motion for Lift from Automatic Stay in case# 14B10285 is dismissed with prejudice.

ii.  United States Trustee and his agent in this local court acting for the United States because the United States is surety in this matter, under its bond for this Bankruptcy Court's orders, be notified of these matters immediately.

iii.  ABUNDANT LIFE 122012 TRUST reserves the right to sanctions and damages, inclusive of Trustee's bond covering ORIGINAL CASE NUMBER

iv.  ABUNDANT LIFE 122012 TRUST reserves the right to seek a Writ of Mandamus for the full enforcement of the Discharge Order at issue.

Dated this April 18, 2014.

Respectfully submitted by:

ABUNDANT LIFE 122012 TRUST

By: _____

Aleksandr Filipskiy, Trustee
5077-109 Fruitville Rd, Ste 133
Sarasota, FL 34232

**STATE OF ILLINOIS**
**COUNTY OF** DuPage

I, the undersigned, a Notary Public in and for said County, in the State aforesaid, **DO HEREBY CERTIFY** that Aleksandr Filipskiy, as Trustee for **Abundant Life 122012 Trust**, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the foregoing instrument of 6 pages, appeared before me this day in person, and acknowledged to me that he signed, sealed and delivered the said instrument of 6 pages as his free and voluntary act, for the uses and purposes therein set forth.

**GIVEN UNDER MY HAND AND OFFICIAL SEAL**, this 18 day of April, 2014.

Brianna L. Hereau _____ Notary Public Signature and Printed Name

OFFICIAL SEAL
BRIANNA L. HEREAU
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Dec. 17, 2016

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the Debtor's Objection to Citimortgage, Inc.'s Motion for Relief From Stay and Demand for Relief as by placing a true and correct copy of same in the United States first class mail to the following parties:

Christopher J. Stasko
Codilis & Associates, P.C.
15W030 North Frontage Rd
Suite 100
Burr Ridge, IL 60527
C&A File (14-11-41727)

This 18th day of April, 2014.

ABUNDANT LIFE 122012 TRUST

By: _____

Aleksandr Filipskiy, Trustee
5077-109 Fruitville Rd, Ste 133
Sarasota, FL 34232